+PROB 12B
(ILSP 11/11)

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Illinois
### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  Alexia N. Willie                                    Docket No. 0754 4:23CR40049-001

Name of Sentencing Judicial Officer:  Honorable J. Phil Gilbert, U.S. District Judge

Date of Original Sentence:  June 25, 2024

Original Offense:    Ct. 1: Interstate Communication of a Threat to Injure

Original Sentence:   Ct. 1: 12 months and 1 day Bureau of Prisons, followed by three years of
                     Supervised Release

Type of Supervision:  Supervised Release          Date Supervision Commenced:  September 10, 2024

Assistant U.S. Attorney:  Kevin F. Burke                  Defense Attorney:  Judith A. Kuenneke

---

## PETITIONING THE COURT

☐    To extend the term of supervision for

☒    To modify the conditions of supervision as follows:

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to search, by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

The defendant shall cooperate with the U.S. Probation/Pretrial Services Office Computer and Internet Monitoring Program. Cooperation shall include, but is not limited to, identifying computer systems, internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which the Defendant has access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware. The defendant's financial obligation shall never exceed the total cost of services rendered. The defendant shall pay all or a portion of the costs of participation in the Computer and Internet Monitoring Program based on the defendant's ability to pay.

The defendant shall inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. The defendant may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor internet-related activities.

**Offender Name:  Alexia N. Willie**
**Docket Number:  0754 4:23CR40049-001**

The defendant shall report any and all electronic communication service accounts utilized for user communications, dissemination, and/or storage of digital media files (i.e., audio, video, images, documents, device backups) to the U.S. Probation/Pretrial Services Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. The defendant shall permit the U.S. Probation/Pretrial Services Office to access and search any account(s).

*Condition Explanation:  All searches are to be conducted by the U.S. Probation Office with the assistance of law enforcement if deemed necessary. This condition does not authorize a law enforcement agency, outside the presence of the U.S. Probation Office, to initiate and conduct a search without a warrant.  Searches are generally conducted between the hours of 6:00 a.m. and 10:00 p.m. and can occur any day of the week.  Depending on the circumstance and/or conduct of the defendant, searches may occur outside of the previously stated hours.  For example, if the defendant works shift work and is unavailable during the stated hours, a search may occur at other times.  Searches pursuant to this condition are based on reasonable suspicion meaning that the probation officer must have facts that are specific, clear, and easy to explain and result in a rational conclusion that the defendant is in possession of contraband or evidence of a violation of the condition of supervision.  If the defendant refuses to allow the probation office to execute a search, or obstructs a search, the defendant is in violation of this condition which may result in the Court being petitioned to revoke the defendant's supervision.*

*The defendant shall permit the probation officer to have access to any personal computer and/or electronic device (e.g. cellular devices, tablets, gaming devices, etc.) capable of accessing the internet, World Wide Web, and electronic mail.  The probation officer, and/or designee working at the direction of the probation officer, will conduct regular searches using software monitoring devices if determined to be necessary.  Regular searches can consist of software being installed on the defendant's computer and/or electronic devices to continuously monitor the defendant's activity.  The defendant's current employer, or any potential employer, must be advised of any and all computer-related restrictions imposed by the Court.*

## U.S. Probation Officer Recommendation:

On December 18, 2024, U.S. Probation Officer (USPO) Renex Johnson was informed by FBI Special Agent Knowles that Ms. Willie has been involved in several online arguments via social media platform TikTok. A police report was filed on December 17, 2024, with Vienna Police Department of Vienna, Illinois, regarding internet threats made by Ms. Willie on a TikTok livestream on December 14, 2024. It was alleged that during this stream Ms. Willie made life threats to an individual and their children. USPO was also provided a short video of the livestream from December 14, 2024. During the video investigation,  there seemed to be no evidence of life-threatening comments; however, there were several threats of a potential physical altercation.

On December 19, 2024, USPO addressed Ms. Willie and her behavior online. She stated that she was only defending herself and people online continue to antagonize and threaten her as well. Ms. Willie was verbally admonished for the verbal argument online and she was advised how this was similar decision making and behaviors reflected in the instant offense. Ms. Willie confirmed she understood and expressed her passion for being an advocate for transgender rights and implementing her freedom of speech.

Furthermore, a modification of conditions was suggested to Ms. Willie imposing computer monitoring to help make sure she doesn't cross boundaries when implementing advocacy and allow probation to effectively monitor her on Supervised Release. After discussion with her attorney, Ms. Willie refused to sign Waiver of Hearing and advised she would be willing for the Court to issue a summons to address her concerns with modification.

**Offender Name:  Alexia N. Willie**
**Docket Number:  0754 4:23CR40049-001**

On February 26, 2025, Ms. Willie informed USPO that she was now willing to sign Waiver of Hearing and accept modification for computer monitoring. She stated that she wanted to prevent attending the Court hearing scheduled for March 6, 2025, and feared that it may jeopardize her chance for early termination in the future. On February 28, 2025, Ms. Willie voluntarily signed a Waiver of Hearing form to Modify the Conditions of Supervised Release.

Due to Ms. Willie's continued activity and behavior online, her overall risk to the community has escalated. The U.S. Probation Office recommends increased community supervision through computer monitoring.

Enclosed for the Court's review is the Waiver of Hearing to Modify the Conditions of Supervised Release signed by the defendant.  The Court should note that prior to signing the waiver, the defendant's rights to a hearing and the assistance of counsel were explained in detail.

Respectfully submitted,

by

Renex C. Johnson
U.S. Probation Officer

Date:  March 5, 2025

☐    No Action
☐    The extension of supervision as noted above
☒    The modification of supervision as noted above
☐    Other:

Honorable J. Phil Gilbert
U.S. District Judge

3/6/2025
Date

cc: Ali Summers, AUSA